IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE RAMOS GARCIA,   )<br>   )<br>    Petitioner,   )<br>   )<br>vs.   )<br>   )<br>ROSANNE CAMPBELL, Warden,   )<br>   )<br>    Respondent.   )<br>_____ ) | No. C 06-7239 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docs # 4, 5 & 6) |

    Petitioner, a state prisoner incarcerated at Mule Creek State Prison in Ione, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from the Superior Court of the State of California in and for the County of Santa Clara.  He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

    Petitioner pleaded no contest to four counts of having committed a lewd act on a child with use of force or threat of force, and one count of committing a lewd act on a child under the age of 14, in exchange for a promise that any prison term imposed would not exceed 30 years.  October 19, 2002, the trial court sentenced him to the maximum term provided by the plea agreement, 30 years in state prison.

The California Court of Appeal affirmed the judgment of the trial court on April 2, 2003, and the Supreme Court of California denied review on June 18, 2003. Petitioner then sought collateral relief from the state courts. The Supreme Court of California denied his final petition for state collateral relief on August 23, 2006. The instant federal habeas petition followed.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief on the ground that his counsel's ineffective assistance rendered his plea unknowing and involuntary. He also claims prosecutorial misconduct and ineffective assistance of counsel at his sentencing hearing. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  Petitioner's request to proceed in forma pauperis (docs # 4, 5 & 6)) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that he must keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:   Feb. 26, 2007

CHARLES R. BREYER
United States District Judge

3